# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KEITH ZAVALA,

                Plaintiff,

    v.

CHRIS CHRONES, et al.,

                Defendants.

_____/

CASE NO. 1:09-cv-01352 DLB PC

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT MARTIN WITHIN THIRTY DAYS

(Doc. 6)

## Screening Order

### I.  Screening Requirement

Plaintiff Keith Zavala, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 3, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v.</u> <u>Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. <u>Id.</u> at 1949.

On August 28, 2009, Plaintiff filed a First Amended Complaint ("FAC").

**II.**    **<u>Plaintiff's Claims</u>**

Plaintiff, who is currently housed at Kern Valley State Prison ("KVSP") in Delano, brings this action for violation of the Eighth and Fourteenth Amendments of the United States Constitution.

**A.**    **<u>Eighth Amendment Claims</u>**

Plaintiff alleges that on June 19, 2007, he attended an Institution Classification Committee ("ICC") hearing before Defendants Chrones, Smith, Kays and Chandler.  At the time of the hearing Plaintiff was housed in the Administrative Segregation Unit ("ASU").  During the hearing, an officer from KVSP Internal Gang Investigations ("KVSP-IGI") presented evidence that Plaintiff would be assaulted if released from ASU.  The information was based on a letter written by a prison inmate and associate of the Mexican Mafia gang.  Plaintiff contends that Defendants Chrones, Smith, Kays and Chandler elected to release Plaintiff from ASU to Facility B.  On September 15, 2007, Plaintiff was attacked by two inmates and stabbed approximately twenty-two times.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  <u>E.g.</u>, <u>Farmer</u> at 847; <u>Hearns</u> at 1040.

### 1.    Defendants Chrones, Smith, Kays, Chandler and Soto

Plaintiff contends that Defendants Chrones, Smith, Kays and Chandler acted with deliberate indifference in releasing Plaintiff into Facility B despite knowledge of a threat made against him. Plaintiff further contends that Defendant Soto, Captain of Facility B, also acted with deliberate indifference by failing to take any action to protect Plaintiff after receiving a copy of the June 19, 2007 Classification Chrono prepared by the ICC ("Chrono").

Plaintiff attaches and incorporates by reference a copy of the Chrono to his First Amended Complaint. (Doc. 6, FAC, pp. 38, 113.) The Chrono notes that Plaintiff was informed of the threat made against him. Id. At the hearing, Plaintiff stated that he did not believe that he was in trouble. Id. Plaintiff also agreed with the Committee's recommendation that he be released to Facility B. Id. Plaintiff's exhibit shows that the decision to release him to Facility B was discussed by the Committee members and agreed to by Plaintiff. It also disproves his allegations that Defendants Chrones, Smith, Kays, and Chandler acted with deliberate indifference in releasing Plaintiff, and that Defendant Soto acted with deliberate indifference by not taking action once he received a copy of the Chrono. Accordingly, Plaintiff fails to state a claim against Defendants Chrones, Smith, Kays, Chandler or Soto.

### 2.    Defendant Martin

Plaintiff alleges that the September 15, 2007, attack occurred because Defendant Correctional Officer Martin had informed prison inmates, including members of the Mexican Mafia gang, that Plaintiff was a "snitch", a "J-cat", and a "rat", in an effort to have Plaintiff killed.

Plaintiff states a viable Eighth Amendment claim against Defendant Martin.

### 3.    Defendants True and Figueroa

Upon being informed in August 2007 of Defendant Martin's actions, Plaintiff drafted and submitted a 602 prison grievance contending that Defendant Martin was attempting to have him killed. Plaintiff additionally drafted a CDC 602 / Citizens Complaint ("Citizen's Complaint"), also alleging that Defendant Martin was attempting to have him killed. Plaintiff contends that the Citizen's Complaint was taken from his cell, among other items, during a cell search conducted on September 4, 2007, by Defendants True and Figueroa, apparently before Plaintiff could submit it.

1    Plaintiff contends that Defendants True and Figueroa knew or should have known, by reading

2  the contents of the Citizen's Complaint they confiscated, that Plaintiff's life was in danger.  Plaintiff

3  contends that Defendants failed to reasonably respond.  Plaintiff contends that Defendants did not

4  return the Citizen's Complaint to him or submit it to the Appeals Coordinator.

5    Plaintiff's allegation that Defendant True and Figueroa may have read the Citizen's Complaint

6  confiscated during a cell search along with other items, and then failed to act, is insufficient to state

7  a plausible claim for relief.  Farmer, 511 U.S. at 847;  Iqbal, 129 S.Ct. at 1949-50;  Moss v. U.S.

8  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

9  meeting this plausibility standard.  Id.

10          **B.     Fourteenth Amendment Claim**

11              **1.     Defendants True and Figueroa**

12    Plaintiff alleges that Defendants True and Figueroa obstructed his ability to file a Citizen's

13  Complaint, and also his right to receive and keep his mail in his cell.

14    Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

15  U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas

16  petitions, and civil rights actions.  Id. at 354, 2181-82.  Claims for denial of access to the courts may

17  arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

18  access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

19  claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For

20  backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a

21  'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a

22  remedy that may be awarded as recompense but that is not otherwise available in a future suit."

23  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

24    The first element requires that plaintiff show he suffered an "actual injury" by being shut out

25  of court.  Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180;

26  Phillips, 477 F.3d at 1076.  The second element requires that plaintiff show defendant proximately

27  caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability."

28  Phillips, 477 at 1077.  Finally, the third element requires that plaintiff show he has no other remedy

4

1  than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79. Plaintiff has

2  not demonstrated any actual injury to litigation.

3        With respect to Plaintiff's allegation that he is being deprived of a right to keep his

4  correspondence in his cell, the Due Process Clause protects prisoners from being deprived of property

5  without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a

6  protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

7  However, while an authorized, intentional deprivation of property is actionable under the Due Process

8  Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush

9  Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized

10  intentional deprivation of property by a state employee does not constitute a violation of the

11  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

12  postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

13        Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation was

14  authorized or unauthorized. Further, in the event that the destruction was authorized and therefore

15  actionable under section 1983, Plaintiff has not alleged any facts suggesting that he was deprived of

16  due process. As long as Plaintiff was provided with process, prison officials may deprive him of his

17  property.

18        **2.**     **Defendants Castro and Ostrander**

19        Finally, Plaintiff alleges that Defendants Castro and Ostrander violated due process by ruling

20  in favor of Defendant Martin when resolving Plaintiff's 602 Staff Complaint. Plaintiff contends that

21  their actions also amount to deliberate indifference.

22        To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

23  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

24  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance

25  procedure is a procedural right only, it does not confer any substantive right upon the inmates."

26  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8,

27  10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

28  interest in processing of appeals because no entitlement to a specific grievance procedure); Massey

1  v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

2  interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing

3  prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.

4  Buckley, 997 F.2d at 495.

5  Plaintiff's claims against Defendants Castro and Ostrander, whether alleged as an Eighth or

6  Fourteenth Amendment claim, fail as a matter of law.  Their involvement in investigating Plaintiff's

7  allegations and resolving his appeal, approximately one and a half years after the incident, does not

8  provide a basis for liability.   There is no constitutional violation for ruling against Plaintiff on his

9  inmate appeal.

10  **C.    Declaratory Relief**

11  In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A

12  declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

13  judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,

14  333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

15  purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

16  relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759

17  F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

18  verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

19  violated.  Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and

20  this action shall proceed as one for money damages only.

21  **III.   Conclusion and Order**

22  Plaintiff's complaint states a claim against Defendant Martin for violation of the Eighth

23  Amendment.  However, Plaintiff fails to state a viable Fourteenth Amendment claim, and his

24  allegations do not support claims against Defendants Chrones, Smith, Kays, Chandler, Soto, True,

25  Figueroa, Castro or Ostrander. The Court will provide Plaintiff with the opportunity to file an

26  amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809

27  F.2d 1446, 1448-49 (9th Cir. 1987).

28  If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

against Defendant Martin, Plaintiff may so notify the Court in writing, and his other claims will be dismissed for failure to state a claim.  Plaintiff will then be provided with one summons and one USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Martin.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.     File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.     Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Martin for violation of the Eighth Amendment; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 1, 2009**                    _____**/s/ Dennis L. Beck**_____
                                                      UNITED STATES MAGISTRATE JUDGE