# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA, | CASE NO. 1:09-cv-01352-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (Doc. 6) |
| CHRIS CHRONES, et al., | |
| Defendants. | |

## Order Following Screening

Plaintiff Keith Zavala, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 3, 2009. On August 28, 2009, Plaintiff filed his first amended civil rights complaint. The Court screened Plaintiff's first amended complaint on December 1, 2009, and found that it states a cognizable claim against Defendant Martin for violation of the Eighth Amendment, but failed to state any other cognizable claims. The Court ordered that Plaintiff either file an amended complaint curing the deficiencies identified, or submit written notice of his willingness to proceed only against Defendant Martin. On December 31, 2009, Plaintiff filed notice of his intent to not amend his complaint and to proceed only against Defendant Martin. The Court thus issues the following Order.

### I.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**II.     Plaintiff's Claims**

Plaintiff, who is currently housed at Kern Valley State Prison ("KVSP") in Delano, brings this action for violation of the Eighth and Fourteenth Amendments of the United States Constitution.

**A.     Eighth Amendment Claims**

Plaintiff alleges that on June 19, 2007, he attended an Institution Classification Committee ("ICC") hearing before Defendants Chrones, Smith, Kays and Chandler. At the time of the hearing Plaintiff was housed in the Administrative Segregation Unit ("ASU"). During the hearing, an officer from KVSP Internal Gang Investigations ("KVSP-IGI") presented evidence that Plaintiff would be assaulted if released from ASU. The information was based on a letter written by a prison inmate and associate of the Mexican Mafia gang. Plaintiff contends that Defendants Chrones, Smith, Kays and Chandler elected to release Plaintiff from ASU to Facility B. On September 15, 2007, Plaintiff was attacked by two inmates and stabbed approximately twenty-two times.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

1  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners
2  with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511
3  U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to
4  take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413
5  F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by
6  other inmates may rise to the level of an Eighth Amendment violation where prison officials know
7  of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at
8  1040.

### 1.   Defendants Chrones, Smith, Kays, Chandler and Soto

Plaintiff contends that Defendants Chrones, Smith, Kays and Chandler acted with deliberate indifference in releasing Plaintiff into Facility B despite knowledge of a threat made against him. Plaintiff further contends that Defendant Soto, Captain of Facility B, also acted with deliberate indifference by failing to take any action to protect Plaintiff after receiving a copy of the June 19, 2007 Classification Chrono prepared by the ICC ("Chrono").

Plaintiff attaches and incorporates by reference a copy of the Chrono to his First Amended Complaint. (Doc. 6, FAC, pp. 38, 113.) The Chrono notes that Plaintiff was informed of the threat made against him. Id. At the hearing, Plaintiff stated that he did not believe that he was in trouble. Id. Plaintiff also agreed with the Committee's recommendation that he be released to Facility B. Id. Plaintiff's exhibit shows that the decision to release him to Facility B was discussed by the Committee members and agreed to by Plaintiff. It also disproves his allegations that Defendants Chrones, Smith, Kays, and Chandler acted with deliberate indifference in releasing Plaintiff, and that Defendant Soto acted with deliberate indifference by not taking action once he received a copy of the Chrono. Accordingly, Plaintiff fails to state a claim against Defendants Chrones, Smith, Kays, Chandler or Soto.

### 2.   Defendant Martin

Plaintiff alleges that the September 15, 2007, attack occurred because Defendant Correctional Officer Martin had informed prison inmates, including members of the Mexican Mafia gang, that Plaintiff was a "snitch", a "J-cat", and a "rat", in an effort to have Plaintiff killed.

3

1  Plaintiff states a viable Eighth Amendment claim against Defendant Martin.

### 3. Defendants True and Figueroa

Upon being informed in August 2007 of Defendant Martin's actions, Plaintiff drafted and submitted a 602 prison grievance contending that Defendant Martin was attempting to have him killed. Plaintiff additionally drafted a CDC 602 / Citizens Complaint ("Citizen's Complaint"), also alleging that Defendant Martin was attempting to have him killed. Plaintiff contends that the Citizen's Complaint was taken from his cell, among other items, during a cell search conducted on September 4, 2007, by Defendants True and Figueroa, apparently before Plaintiff could submit it.

Plaintiff contends that Defendants True and Figueroa knew or should have known, by reading the contents of the Citizen's Complaint they confiscated, that Plaintiff's life was in danger. Plaintiff contends that Defendants failed to reasonably respond. Plaintiff contends that Defendants did not return the Citizen's Complaint to him or submit it to the Appeals Coordinator.

Plaintiff's allegation that Defendant True and Figueroa may have read the Citizen's Complaint confiscated during a cell search along with other items, and then failed to act, is insufficient to state a plausible claim for relief. Farmer, 511 U.S. at 847; Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### B. Fourteenth Amendment Claim

### 1. Defendants True and Figueroa

Plaintiff alleges that Defendants True and Figueroa obstructed his ability to file a Citizen's Complaint, and also his right to receive and keep his mail in his cell.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a

4

'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79. Plaintiff has not demonstrated any actual injury to litigation.

With respect to Plaintiff's allegation that he is being deprived of a right to keep his correspondence in his cell, the Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized. Further, in the event that the destruction was authorized and therefore actionable under section 1983, Plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as Plaintiff was provided with process, prison officials may deprive him of his property.

**2.     Defendants Castro and Ostrander**

Finally, Plaintiff alleges that Defendants Castro and Ostrander violated due process by ruling in favor of Defendant Martin when resolving Plaintiff's 602 Staff Complaint. Plaintiff contends that

5

their actions also amount to deliberate indifference.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff's claims against Defendants Castro and Ostrander, whether alleged as an Eighth or Fourteenth Amendment claim, fail as a matter of law. Their involvement in investigating Plaintiff's allegations and resolving his appeal, approximately one and a half years after the incident, does not provide a basis for liability. There is no constitutional violation for ruling against Plaintiff on his inmate appeal.

### C. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

### III. Conclusion and Order

Plaintiff's complaint states a claim against Defendant Martin for violation of the Eighth Amendment. However, Plaintiff fails to state a viable Fourteenth Amendment claim, and his allegations do not support claims against Defendants Chrones, Smith, Kays, Chandler, Soto, True, Figueroa, Castro or Ostrander. Plaintiff was provided an opportunity to file a second amended complaint to cure the deficiencies identified, but filed notice that he does not wish to amend and is willing to proceed against Defendant Martin only.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's claims against Defendant Martin for violation of the Eighth Amendment; and

2. Defendants Chrones, Smith, Kays, Chandler, Soto, True, Figueroa, Castro and Ostrander are dismissed from this action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **January 6, 2010**　　　　　　　　　　/s/ Dennis L. Beck
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE