# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHRIS CHRONES, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | CASE NO. 1:09-CV-01352-OWW-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE (DOC. 50) |

　　　　Plaintiff Keith Zavala ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 24, 2010, against Defendants Chris Chrones, S. Kays, D. Smith, C. Martin, and Soto. On February 18, 2011, Plaintiff filed a motion to compel. Doc. 50. On March 4, 2011, Defendants Martin and Soto filed an opposition. Doc. 53. On March 21, 2011, Plaintiff filed his reply. Doc. 57.

　　　　Plaintiff moves for the production of the following documents:

　　1.　　All written statements, originals or copies, identifiable as reports about the incident on September 15, 2007, on and of Facility B Kern Valley State Prison, made by prison and civilian employees of the Department of Corrections and prisoner witnesses, and other departments or outside agencies.

　　2.　　List of all prisoners housed in A.S.U. #1 and A.S.U. B1 from July 15, 2007 through January 1, 2008.

　　3.　　List of all employees working on Facility B, including A.S.U. #1 (South) and A.S.U. B1, at the time of the incident of September 15, 2007, and three months prior.

1

1  Pl.'s Mot. Compel 1-2, Doc. 50.

2      Defendants contend that they should not be required to produce the above documents
3  because they are not in their possession, custody, or control, even though they can request these
4  documents from CDCR. Defs.' Opp'n 3:25-5:21, Doc. 53. Defendants contend that Plaintiff
5  should be required to subpoena these records. *Id.* at 5:24-6:13. Defendants' counsel contends
6  that he turned over certain medical records and all reports regarding the September 15, 2007
7  incident. Defs.' Opp'n, Richard Price Decl. ¶ 13, Doc. 53-1.

8      The California Code of Regulations defines access to a prisoner's case records:

> No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law. Any outside person or entity that receives case records files or unit health records is subject to all legal and departmental standards for the integrity and confidentiality of those documents.

13  Cal. Code Regs. tit. 15, § 3370(e). The Attorney General's office represents these Defendants,
14  and thus can obtain these records pursuant to the Code of Regulations. *See Bovarie v.*
15  *Schwarzenegger*, 2011 WL 719206, *4 (S.D. Cal. Feb. 22, 2011); *see also Woodall v. California*,
16  2010 W.L. 4316953, *5 (E.D. Cal. Oct. 22, 2010); *Ochotorena v. Adams*, 2010 WL 1035774, * 3
17  (E.D. Cal. Mar. 19, 2010); *Moody v. Finander*, 2010 WL 3911462 (S.D. Cal. Oct. 1, 2010).

18      However, Plaintiff's motion to compel is deficient on other grounds. Plaintiff fails to
19  explain the relevance of the documents sought. *See Bovarie*, 2011 WL 719206 at *5 (denying
20  motion to compel as to interrogatories when the plaintiff failed to explain relevance of
21  documents sought and defendants lacked direct access). Regarding the list of inmates and
22  employees, Plaintiff fails to explain why such lists are relevant to this action. Regarding the
23  reports pertaining to the September 15, 2007 incident, Plaintiff was apparently provided with
24  certain medical records and all reports regarding the incident. Plaintiff does not explain why
25  such response was deficient. Additionally, it is unclear what documents Defendants would have
26  control over which belong to other departments or agencies. The Court will provide Plaintiff
27  with leave to file an amended motion to compel as to these discovery requests, explaining the
28  relevancy of the requested production of documents, and the deficiency of the responses

1 provided.

2     Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel, filed February 18, 2011, is DENIED, without prejudice.  Plaintiff may file an amended motion to compel, curing the deficiencies identified herein, within thirty (30) days from the date of service of this order.

7     IT IS SO ORDERED.

8     **Dated:**   **May 11, 2011**                               **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE