1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7  KEITH ZAVALA,                                    CASE NO. 1:09-CV-01352-LJO-DLB PC

8                     Plaintiff,                    ORDER DENYING PLAINTIFF'S MOTION
                                                    TO COMPEL
9           v.
                                                    (DOC. 65)
10  CHRIS CHRONES, et al.,

11                     Defendants.
                                                /
12

13          Plaintiff Keith Zavala ("Plaintiff") is a prisoner in the custody of the California

14  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

15  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

16  on Plaintiff's amended complaint, filed May 24, 2010, against Defendants Chris Chrones, S.

17  Kays, D. Smith, C. Martin, and Soto.  Pending before the Court is Plaintiff's amended motion to

18  compel, filed May 23, 2011.[1]  Doc. 65.  Defendants filed their opposition on June 9, 2011.  Doc.

19  66.  Plaintiff filed his reply on June 22, 2011.  Doc. 67.  The matter is submitted pursuant to

20  Local Rule 230(l).

21  **I.        Production Of Documents**

22          In responding to discovery requests, Defendants must produce documents which are in

23  their "possession, custody or control."  Fed. R. Civ. P. 34(a).  Actual possession, custody or

24  control is not required, however.  "A party may be ordered to produce a document in the

25  possession of a non-party entity if that party has a legal right to obtain the document or has

26  

27          [1] Plaintiff had previously filed a motion to compel on February 18, 2011.  Doc. 50.  The
    Court denied that motion without prejudice, finding that Plaintiff failed to explain his dispute
28  with Defendants' responses to his request for production of documents.

1

1   control over the entity who is in possession of the document." *Soto v. City of Concord*, 162

2   F.R.D. 603, 620 (N.D. Cal. 1995).

3          Plaintiff contends that Defendants have more documents in their possession, custody, or

4   control than were produced.  Plaintiff moves for the production of the following documents:

5   1.     All written statements, originals or copies, identifiable as reports about the incident on

6          September 15, 2007, on and of Facility B Kern Valley State Prison, made by prison and

7          civilian employees of the Department of Corrections and prisoner witnesses, and other

8          departments or outside agencies.

9   2.     List of all prisoners housed in A.S.U. #1 and A.S.U. B1 from July 15, 2007 through

10         January 1, 2008.

11  3.     List of all employees working on Facility B, including A.S.U. #1 (South) and A.S.U. B1,

12         at the time of the incident of September 15, 2007, and three months prior.

13  Pl.'s Mot. Compel 1-6, Doc. 65.  Plaintiff has now submitted his arguments as to why

14  Defendants' responses were deficient.

15         **A.     Request For Production No. 1**

16         Plaintiff contends that Defendants or Defendants' counsel has control of additional

17  documents.  Mot. Compel 2:11-27.  Plaintiff contends, for example, that Defendant Soto

18  informed him of 1) an internal memorandum regarding Plaintiff's safety concerns, and 2)

19  communications with the California Inspector General's office about Defendant Martin.  *Id.* at

20  3:18-4:1.  Plaintiff further contends that Defendants should produce documents in support of

21  their answers, which deny many of Plaintiff's allegations regarding the September 15, 2007

22  incident.  *Id.* at 4:3-16.

23         Defendants contend that they have discovered Rules Violation Reports ("RVR") and

24  related documents for inmates Prescott and Reyes, who apparently were involved in the attack on

25  Plaintiff at issue.  Defs.' Opp'n 3:8-18.  Defendants contend that any other documents related to

26  the incident are in the control of the Kern County district attorney's office, Kern County Superior

27  Court, or Kern County grand jury, and that Plaintiff should obtain such documents through

28  subpoena.  *Id.*

1    Plaintiff contends that he has not received the RVR for inmate Reyes.  Pl.'s Reply 2.

2    Plaintiff also contends that there are interdepartmental communications, including internal affairs

3    investigations and confidential reports generated after the alleged incident.  *Id.*

4    Defendants' counsel declares that he has turned over all documents in CDCR's

5    possession or control regarding the attack on Plaintiff.  The Court finds that Defendants'

6    additional responses to Plaintiff's discovery requests are sufficient.  The Court reminds

7    Defendants that they are under a continuing obligation to turn over any additional documents that

8    they later discover which are responsive to Plaintiff's request.  Fed. R. Civ. P. 37(c).  For

9    example, if the memorandum concerning Plaintiff's safety concerns and communications with

10   the Inspector General's office concerning Defendant Martin, as mentioned in Plaintiff's motion

11   to compel, are in Defendants' possession, custody, or control, Defendants and their counsel have

12   an obligation to supplement their responses.

13   Plaintiff also contends that Defendants have documents that support their alleged

14   argument that Plaintiff caused his own injury.  Pl.'s Mot. Compel 4:3-16.  Defendants' answer

15   merely denies Plaintiff's allegations in paragraphs 12 through 15 of the second amended

16   complaint.  Defs.' Answer, Doc. 27; Doc. 59.  There is no indication in the record that any

17   particular document or other evidence supporting their answer exists.  If such documents do

18   exist, are in the possession, custody, or control of Defendants, and are responsive to Plaintiff's

19   discovery requests, Defendants are required to supplement their response.

20   Accordingly, Plaintiff's motion to compel further responses to Plaintiff's request for

21   production of documents No. 1 is denied.

22   **B.      Requests Nos. 2 and 3**

23   Plaintiff contends that a list of all prisoners housed in ASU (administrative segregation

24   unit)No. 1 and B1, from July 1, 2007 through January 1, 2008, is necessary for Plaintiff's action,

25   as there may be relevant witnesses to statements made by Defendant Martin that formed the basis

26   of the alleged assault on Plaintiff.  Pl.'s Mot. Compel 4:21-5:5.  Plaintiff contends that a list of

27   employees working on facility B, including ASU No. 1 and ASU B1, from September 15, 2007

28   to three months prior, is necessary to determine what staff were aware of the attack that would

1   happen to Plaintiff.  *Id.* at 5:11-25.

2          Defendants contend that Plaintiff has the list of names of relevant witnesses, as seen on

3   the RVRs provided to Plaintiff regarding the incident at issue.  Defs.' Opp'n 3:19-4:5.

4   Defendants contend that to produce the lists over a period of three to six months would become

5   attenuated and overly burdensome.  *Id.*  Defendants contend that Plaintiff's requests amount to a

6   fishing expedition.  *Id.*  Plaintiff contends that this expedition is necessary because of the nature

7   of the suit.  Pl.'s Reply 3.

8          Though the Court is aware of the nature of Plaintiff's claims, Plaintiff's requests are

9   unduly burdensome and not reasonably calculated to lead to the production of admissible

10  evidence.  Defendants' counsel attests that in communicating with CDCR, he learned that to

11  create such a list would be extremely burdensome and time-consuming because of the time

12  period, movement of inmates, and three shifts of employees.  Defs.' Opp'n, Richard B. Price

13  Decl. ¶ 6.  Defendants' counsel attests that a list would have to be created to respond to a court

14  order compelling further response.  *Id.*  The Federal Rules of Civil Procedure governing the

15  production of documents does not govern the creation of documents that are not currently in

16  existence, electronically stored or otherwise.

17         Plaintiff is not left without means of discovering the identities of potential witnesses

18  relevant to this action.  Plaintiff, for example, is aware of at least one inmate witness, and has

19  been or will be provided RVRs which contain information as to other potential witnesses,

20  inmates or prison staff.  Plaintiff's requests for production of documents Nos. 2 and 3, however,

21  are overly burdensome.

22  **II.      Conclusion And Order**

23         Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel,

24  filed May 23, 2011, is denied.

25      IT IS SO ORDERED.

26   **Dated:    September 20, 2011**                    _____/s/ **Dennis L. Beck**_____
                                                        UNITED STATES MAGISTRATE JUDGE

27

28