1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA, | CASE NO. 1:09-cv-01352-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 82) |
| v. | |
| CHRIS CHRONES, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Keith Zavala ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 24, 2010, against Defendants Chris Chrones, S. Kays, D. Smith, C. Martin, and Soto. Pending before the Court is Plaintiff's motion to compel, filed December 29, 2011. Doc. 82. On January 13, 2012, Defendants filed their opposition. Doc. 84. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff contends that Defendant Martin failed to timely submit responses to Plaintiff's Requests for Admissions. Plaintiff seeks an order compelling responses, and $1200 in sanctions. Mot. Compel 1-2.

The Court granted a discovery response deadline of December 16, 2011 by which to serve their responses. Doc. 80. Defendant Martin concedes that his responses were untimely.

1

1   *See* Def. Counsel's Decl., Doc. 84-1.  However, Defendants contend that Plaintiff's motion

2   should be denied and no sanctions imposed because 1) Defendant Martin has provided responses

3   to Plaintiff as of January 12, 2012, and 2) Plaintiff did not comply with Local Rule 251 in filing

4   his motion to compel.  Defs.' Opp'n 3:12-23.

5          It is undisputed by the parties that Defendant Martin's responses were untimely.  *See* Def.

6   Counsel's Decl., Doc. 84-1.  Unlike other discovery rules, if a party fails to timely submit a

7   response to a request for admission, then the matter is deemed admitted.  *See* Fed. R. Civ. P.

8   36(a)(3) (stating that consequence for failure to timely respond to request for admission is that

9   matter is admitted).  The imposition of costs pursuant to Rule 37 would be inapplicable, since no

10  further response is necessary once the requests for admission are deemed admitted.

11         If a party wishes to withdraw the admission, that party is required to file a motion.  Fed.

12  R. Civ. P. 36(b).  However, in the interest of judicial economy, the Court will construe

13  Defendant's late filing of his responses to the reuqests for admission as a motion to withdraw the

14  prior admissions.

15         Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure,

16         A matter admitted under this rule is conclusively established unless the court, on
           motion, permits the admission to be withdrawn or amended. Subject to Rule

17         16(e), the court may permit withdrawal or amendment if it would promote the
           presentation of the merits of the action and if the court is not persuaded that it

18         would prejudice the requesting party in maintaining or defending the action on the
           merits. An admission under this rule is not an admission for any other purpose and

19         cannot be used against the party in any other proceeding.

20         If upholding the admission would eliminate presentation of the merits of the action, then

21  allowing withdrawal of the admission would promote the presentation of the merits and satisfy

22  the first prong of the test.  Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 622

23  (9th Cir. 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  The Court

24  finds that withdrawal of the admission would promote presentation of the merits of this action.

25  Defendant Martin clearly demonstrated an intent to supply actual responses to Plaintiff's

26  Requests For Admission.

27         If the requesting party would be prejudiced such that he could not maintain the action on

28  its merits, then the motion to withdraw the admission cannot be granted.  Fed. R. Civ. P. 36(b).

1    The second prong inquiry should focus on the prejudice that the non-moving party would face at

2    trial.  *Conlon*, 474 at 623. The Court also finds that Plaintiff as the requesting party is not

3    prejudiced in maintaining his action on the merits.  This matter has not proceeded to trial, and no

4    dispositive motions have been adjudicated.  Accordingly, the Court will grant Defendant

5    Martin's withdrawal of admissions and permit the substitution of Defendant Martin's January 12,

6    2012 responses.[1]

7         Accordingly, Plaintiff's motion to compel, filed December 29, 2011, is denied.

8    IT IS SO ORDERED.

9    **Dated:**    **May 31, 2012**            _/s/_ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27         [1] Local Rule 251 is not applicable in this action.  Under the Court's Discovery and
     Scheduling Order, issued May 5, 2011, Local Rule 251 will not apply unless otherwise ordered.
28   Doc. 60.

                                             3