# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA,<br><br>          Plaintiff,<br><br>    v.<br><br>CHRIS CHRONES, et al.,<br><br>          Defendants. | CASE NO. 1:09-cv-01352-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED (DOC. 76)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I.** **Findings And Recommendations**

Plaintiff Keith Zavala ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed May 24, 2010, against Defendants Chris Chrones, S. Kays, D. Smith, S. Chandler,[1] C. Martin, and Soto for deliberate indifference in violation of the Eighth Amendment. Pending before the Court is Defendants' motion to dismiss, filed November 2, 2011. Doc. 76. On November 22, 2011, Plaintiff filed his opposition. Doc. 77. The matter is submitted pursuant to Local Rule 230(l).

**II.** **Motion To Dismiss**

Defendants move to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)[2], contending that

---

[1] Defendant S. Chandler is also known as S. Thomas-Chandler.

[2] Defendants had listed Title 42 rather than Title 28 in their motion. The Court presumes this is error. Section 1915(d) is now codified as § 1915(e)(2)(B)(i).

1

Plaintiff's action is frivolous or malicious, citing *Neitzke v. Williams*, 490 U.S. 319 (1989). Defendants contend: 1) the actions taken by Defendants Chrones, Smith, Kays, and Thomas-Chandler did not place Plaintiff in danger, 2) it contains no facts regarding the liability of Defendant Soto, and 3) the complaint is malicious because it containing claims which Plaintiff knew at the time of filing were untrue and without basis.  Defs.' Mem. P. & A. 3:16-4:24.

### A. Frivolous Complaints

A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) only if it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325.  "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 328.  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.*  As later explained by the United States Supreme Court,

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," id., at 325, 109 S.Ct., at 1831, "fantastic," id., at 328, 109 S.Ct., at 1833, and "delusional," ibid.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

*Denton v. Hernandez*, 504 U.S. 25, 32-33(1992).

Factually frivolous claims are defined as "clearly baseless," which includes "fanciful," "fantastic," and "delusional." *Id.*  A finding of frivolousness thus requires the Court to conclude that Plaintiff's allegations were irrational or wholly incredible.

Defendants submit documentation in support: Exhibit A, a classification chrono issued June 19, 2007, and Exhibit B, a confidential supplement to appeal, also known as an appeal inquiry, regarding Plaintiff's assault on September 15, 2007.  Defendant contends that these documents show that Plaintiff placed himself in danger, and that Defendant Soto was not

involved in the classification committee's actions.

Plaintiff contends that 1) Defendants attempt to introduce evidence beyond the pleadings, thus converting this action to a motion for summary judgment and 2) Defendants' documents do not disprove Plaintiff's claims. Pl.'s Opp'n, Mem. P. & A. 1-7.[3]

Based on the controlling case law, the Court cannot find that Plaintiff's complaint was frivolous. Plaintiff's claims were not fanciful, fantastic, or delusional. Plaintiff alleged that Defendant C. Martin had told several inmates of the southern Mexicans that Plaintiff was an informant and insane, creating a high and unreasonable risk that Plaintiff would be murdered or assaulted by the Mexican Mafia. Pl.'s Second Am. Compl. ("SAC") ¶ 54, Doc. 18. Plaintiff alleged that Defendants Chrones, Smith, Kay, and Chandler knew or should have known of the high risk of Plaintiff being murdered or assaulted if he was released to the general population based on the evidence before them, namely a confiscated letter targeting Plaintiff for assault. *Id.* ¶ 35. Plaintiff alleges that Defendant Soto knew or should have known of the high and unreasonable risk to Plaintiff if he was released to general population, based on the evidence before him, namely the CDC 128G classification chrono noting the contents of the letter. *Id.* ¶ 44. The Court finds none of these claims to be wholly incredible or irrational. Based on the allegations, Plaintiff stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment as to all Defendants. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). What Defendants contend are that Plaintiff's claims are false. That, however, is a different legal question, more properly resolved by a motion for summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.") (quotations omitted). Accordingly, Defendant's motion should be denied as to frivolousness.

---

[3] Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as for summary judgment under Rule 56." Defendants' motion is pursuant to neither Rule 12(b)(6) or 12(c), but pursuant to § 1915(e)(2)(B)(i). Thus, the Court need not treat the motion as one for summary judgment.

**B.      Malicious Complaints**

It is unclear to what extent the Court may look beyond the pleadings in determining whether a complaint is malicious under § 1915(e)(2)(B)(i).  *See Abraham v. Danberg*, 699 F. Supp. 2d 686, 688 (D. Del. 2010) ("'A separate standard for maliciousness is not as well established.'") (quoting *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995)).  One court merely requires that a district court "must . . . engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants."  *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  Complaints dismissed as malicious are generally for repetitive litigation, *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993), threats of violence or contains disrespectful references to the court, *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981), and complaints that are clearly abusive of the judicial process, *Ballentine v. Crawford*, 563 F. Supp. 627 (N.D. Ind. 1983).  In reaching a determination that a complaint is malicious, the court may examine the circumstances surrounding the action.  *See, e.g.*, *Spencer v. Rhodes*, 656 F. Supp. 458, 463-64 (E.D.N.C. 1987) (finding complaint malicious because no credible facts alleged, tone of allegations indicated desire for revenge and not to rectify any wrong, and obviously an attempt to harass defendants).

Defendants contend that Plaintiff's complaint is malicious because he "alleges very egregious violations of his rights by [Defendants] Chrones, Smith, Kays, Thomas-Chandler and Soto, and criminal behavior by Martin . . . in spite of knowing at the time that he filed the Second Amended Complaint that his claims were untrue and without any basis."  Defs.' Mem. P. & A. 4:12-15.  Defendants contend that there are no facts which demonstrate that Defendant Soto endangered Plaintiff, or that Defendant Martin attempted to procure a hit on Plaintiff.  *Id.* at 4:22-24.

Here, the Court does not conclude that Plaintiff's complaint was malicious.  There is no evidence that Plaintiff is engaging in repetitive litigation by this action.  There is no evidence that supports a finding that Plaintiff's complaint is an attempt to vex, injure, or harass Defendants.  Plaintiff has stated a claim in his second amended complaint.  Defendants appear to dispute the

4

factual basis of Plaintiff's claims.  Such disputes are properly addressed as a motion for summary judgment.

Defendants' evidence in support of their motion is insufficient to demonstrate that Plaintiff knowingly filed a false complaint.  Defendants contend that Plaintiff placed himself in danger by stating that he was not in trouble with the Mexican Mafia, and that Defendants' release of Plaintiff to the general population was unrelated to his subsequent assault.  Defs.' Mem. P. & A. 4:15-18.  Plaintiff contends in opposition that he had stated that he had no idea who wanted to harm Plaintiff, because he was not a gang member.  Pl.'s Opp'n, Mem. P. & A. 3.  It is undisputed by the parties that the committee was aware of a letter which threatened harm against Plaintiff if he was released from the ASU.  There is a factual dispute as to whether Defendants knew that Plaintiff was in serious danger, knew how high the risk of danger was, and disregarded it.  This document does not demonstrate that Plaintiff knowingly filed a false claim.  The classification chrono was not authored by Defendant Soto.  However, Plaintiff alleges that Defendant Soto was aware of the letter threatening Plaintiff, not that he authored the chrono or participated on the classification committee  Thus, Defendant Soto's lack of participation with the classification committee chrono does not affect the issues here.

Defendants also contend that the confidential inquiry demonstrates that Plaintiff had been stealing from the Mexican Mafia and disobeyed orders which resulted in the assault on Plaintiff.  Defs.' Mem. P. & A. 4:19-24.  Plaintiff contends that the document is not authentic because it is missing a page, and that Plaintiff was never later implicated as a gang member by other classification chronos.  Pl.'s Mem. P. & A. 5-6.

The confidential inquiry does not address Defendant Soto's knowledge, or lack thereof, of a substantial risk of serious harm to Plaintiff.  Defendants contend that this document demonstrates that the assault on Plaintiff was because of Plaintiff's own conduct, and not because of Defendant Martin's actions.  However, that conclusion was reached in part because several potential inmate witnesses refused to provide information.  At most, the confidential inquiry raises a dispute of fact between Defendants and Plaintiff.  It is not demonstrative of an intent by Plaintiff to vex, injure, or harass Defendants.

### III. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed November 2, 2011, should be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 11, 2012**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE