1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   KEITH ZAVALA,                              CASE NO. 1:09-cv–01352-BAM PC

10                         Plaintiff,          ORDER DENYING DEFENDANTS' MOTION
                                               FOR LEAVE TO FILE MOTION FOR
11         v.                                  SUMMARY JUDGMENT

12   CHRIS CHRONES, et al.,                    (ECF No. 96)

13                         Defendants.         ORDER STRIKING DEFENDANTS' MOTION
                                               FOR SUMMARY JUDGMENT
14
15                                             (ECF No. 97, 98)

16   _____/

17         Plaintiff Keith Zavala is a state prisoner proceeding pro se and in forma pauperis in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the second amended

19   complaint, filed May 24, 2010, against Defendants C. Chrones, S. Kays, D. Smith, S. Chandler, C.

20   Martin, and J. Soto for deliberate indifference in violation of the Eighth Amendment, and is currently

21   set for trial on February 11, 2013.  On August 31, 2012, Defendants filed a motion for leave to file

22   a motion for summary judgment, motion for summary judgment, and notice of lodging documents

23   in paper.  (ECF No. 96, 97, 98.)

24         Defendants request they be allowed to file a late motion for summary judgment due to

25   excusable neglect.  For good cause, a court may extend the time for filing a motion "after the time

26   has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  In

27   determining whether delay is due to excusable neglect, the court is to consider the danger of

28   prejudice to the nonmoving party, the length of delay and impact upon the proceedings, the reason

1

for the delay including whether it was within the reasonable control of the moving party, and whether the movant acted in good faith. <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993); <u>Los Altos El Granada Investors v. City of Capitola</u>, 583 F.3d 674, 683 (9th Cir. 2009); <u>Pincay v. Andrews</u>, 389 F.3d 853, 855 (9th Cir. 2004).

In this instance, the danger of prejudice to the plaintiff and length of delay weigh against finding excusable neglect. The dispositive motion deadline in this action was March 15, 2012, and Defendants' motion was filed five and one half months after the dispositive deadline had passed. Allowing Defendants to file a motion for summary judgment will result in the trial being vacated. This action has been proceeding since August 3, 2009, and vacating the trial date would result in a substantial delay in setting a new trial date due to the caseload of the Eastern District.

Additionally, the reason for the delay was within the reasonable control of defense counsel. Defense counsel was aware of the scheduling order and should have filed a motion to amend the scheduling order prior to the deadline. Defense counsel states that he had two trials and numerous dispositive motions during the time he was assigned to this case and the dispositive motion was due. Defense counsel's busy schedule is not grounds to find excusable neglect. <u>See</u> <u>Hawks v. J.P. Morgan Chase Bank</u>, 591 F.3d 1043, 1048 (2010) (two trials and Social Security hearing does not constitute excusable neglect); <u>McLaughlin v. City of LaGrange</u>, 662 F.2d 1385, 1387 (11th Cir. 1981) cert. denied 456 U.S. 979 (solo practitioner engaged in the preparation of other cases does not establish excusable neglect).

The final factor weighs in favor of Defendants, as the Court does not find that the motion was filed in bad faith. Based upon the length of the delay in bringing the motion, prejudice to Plaintiff, and the reason for delay, the Court finds that the factors weigh against finding excusable delay.

Further modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). This action has been defended by the Attorney General's Office since Defendants made an appearance in this action.

According to the Court's docket, the reassignment to current defense counsel occurred on September 1, 2011. Defense counsel requests leave to file a motion for summary judgment due to inadvertence in failing to request an extension of the scheduling order. Additionally, Defendants state that a motion for summary judgment was not filed because a motion to dismiss was pending. Dispositive motions were due on March 15, 2012, and the motion for leave to file a motion for summary judgment was not filed until August 31, 2012, approximately five and one half months later. The order denying Defendants' motion to dismiss was issued on July 26, 2012, and the instant motion was filed over one month later.

Defendants have not shown good cause to modify the scheduling order. Defense counsel states his caseload caused him to be unable to file a motion for summary judgment prior to the dispositive motion deadline in this action and he inadvertently neglected to file a motion to modify the scheduling order. The Federal Rules of Civil Procedure, Local Rules, and Court's scheduling orders are not to be set aside or disregarded because an attorney neglects to pay attention to deadlines set in the action. See Johnson, 975 F.2d at 610 (Good cause to modify scheduling order to amend not shown where plaintiff's "attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received."). Defendants do not show good cause to modify the schedule based upon counsel's press of business.

Further, the Court rejects Defendants' argument that it is in the interest of the conservation of judicial resources to allow their late motion. Judicial resources are best conserved when the parties comply with Court's scheduling orders and raise all applicable grounds for dismissal or judgment as a matter of law in a timely filed motion. The requirement that parties abide by the Court's scheduling orders absent a showing of good cause is itself intended directly to serve the interest of conserving judicial resources by allowing for the resolution of untimely or otherwise non-meritorious claims prior to trial and not at the eleventh hour.

Defendants' current counsel substituted into this case on September 1, 2011. The motion for leave to file a dispositive motion was filed more than five months after the dispositive motion deadline had passed and over one month after the motion to dismiss was denied. Defendants have failed to show diligence in attempting to comply with the scheduling order and to allow a

modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendants' motion for leave to file a motion for summary judgment, filed August 31, 2012 is DENIED; and

2.     Defendants' motion for summary and notice of lodging, filed August 31, 2012, are STRICKEN FROM THE RECORD.

IT IS SO ORDERED.

Dated:    **September 5, 2012**                        **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE

4