# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRIS CHRONES, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv–01352-BAM PC<br><br>ORDER NOTIFYING PLAINTIFF OF WITNESS FEES AND COSTS DUE TO SUBPOENA UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY<br><br>(ECF No. 103)<br><br>DEADLINE: NOVEMBER 26, 2012 |

**I.    Procedural History**

Plaintiff Keith Zavala is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the second amended complaint, filed May 24, 2010, against Defendants Martin, Chrones, Smith, Kays, Chandler, and Soto for violation of the Eighth Amendment.  (ECF No. 19.)  A jury trial is set for February 12, 2013, before the undersigned.  (ECF No. 100.)  On September 25, 2012, an order issued requiring the parties to notify the Court if a settlement conference would be beneficial.  (ECF No. 101.)  On October 15, 2012, Defendants filed a notice that this action is not appropriate for mediation, and Plaintiff filed a motion for the attendance of incarcerated witnesses and notice of willingness to engage in settlement negotiations.  (ECF Nos. 102, 103, 104.)

**II.    Settlement Conference**

The Court will only set a settlement conference if all parties are willing to engage in good faith negotiations to settle the action.  If the parties determine that settlement could occur they are

encouraged to negotiate and make a good faith effort to settle the case without the involvement of the Court. Since Defendants have indicated that mediation is not sought at this time, no settlement conference shall be scheduled.

**III.    Motion for the Attendance of Unincarcerated Witnesses**

Plaintiff has filed a motion seeking the attendance of unincarcerated witnesses who are unwilling to testify voluntarily. Pursuant to the Court's scheduling order filed on August 22, 2012, Plaintiff was informed that if he wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, he must submit money orders for the witnesses to the Court no later than November 26, 2012. (ECF No. 95, 4:3-16.) On October 16, 2012, Plaintiff filed a motion for the attendance of unincarcerated witnesses he wishes to have testify at trial.

Plaintiff's motion contains requests for the attendance of medical and mental health professionals whom he indicates will testify as expert witnesses. Plaintiff indicates that these witnesses will provide their opinion regarding Plaintiff's medical or mental condition. It is clear from Plaintiff's motion that these individuals will be asked to provide testimony as medical or mental health professionals as experts in their field about "scientific, technical, or other specialized knowledge" that will assist "the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). In order to obtain the attendance of the medical and mental health professionals, Plaintiff will be required to pay the reasonable fees of each witness to prepare for and testify at trial. Accordingly, Plaintiff is advised that to obtain the attendance of Dr. Mazur, Dr. Schroeder, Dr. Bucker, Licensed Psychiatric Technician Townley, and Registered Nurse Pothier, he must submit evidence to the Court that he has paid the reasonable witness fees required by each Defendant to testify as an expert by November 26, 2012.

Plaintiff is notified that to obtain the attendance of Corrections Counselor White, he must submit a money order, made payable to the witness. The money order, made payable to D. A. White in the amount of $128.80, must be submitted to the Court by November 26, 2012.[1] No witness will

---

[1] The daily witness fee of $40.00, plus $88.80 for round trip mileage for one day. 28 U.S.C. § 1821. It is 160 miles, round trip, from Kern Valley State Prison to the courthouse, and the current mileage reimbursement rate is 55.5 cents per mile.

1 be served with a subpoena absent the timely submission of a money order or proof that reasonable
2 fees for the medical and mental health professionals have been paid.

3       Finally, to the extent Plaintiff is unsure where the witness is currently located, the Court and
4 the Marshal cannot and will not conduct an investigation on Plaintiff's behalf.  Ascertaining the
5 location of Plaintiff's non-incarcerated witnesses is Plaintiff's responsibility.  If Plaintiff submits the
6 money orders and proof of payment as required, the Court will direct the Marshal to serve the
7 witnesses at the location provided by Plaintiff.

8 **IV.**     **Order**

9       Accordingly, pursuant to the second scheduling order, for each unincarcerated witness that
10 Plaintiff wishes to have served with summonses to testify at trial, he must submit, for *each* witness,
11 a money order made out to that witness in the amount of $128.80 or proof of payment of reasonable
12 fees as described in this order by November 26, 2012.  The Court cannot accept cash, and the money
13 orders may not be made out to the Court.  The money orders must be made out in the witness's
14 name.

15    IT IS SO ORDERED.

16    Dated:   **October 23, 2012**              **/s/ Barbara A. McAuliffe**
17                                                       UNITED STATES MAGISTRATE JUDGE