# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA,<br><br>            Plaintiff,<br><br>       v.<br><br>CHRIS CHRONES, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv–01352-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES NOT WILLING TO TESTIFY VOLUNTARILY (ECF No. 107)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INMATE JESSE DURAN  (ECF No. 108)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INMATE JOSE PEREZ (ECF No. 109) |

**I.    Procedural History**

Plaintiff Keith Zavala is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the second amended complaint, filed May 24, 2010, against Defendants Chris Chrones, D. Smith, S. Kays, S. Chandler, J. Soto, and C. Martin for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.  (ECF Nos. 18, 19.)  This action is currently set for jury trial on February 12, 2013, before the undersigned.  (ECF No. 100.)  On October 29, 2012, Plaintiff filed three motions for the attendance of incarcerated witnesses.  (ECF No. 107, 108, 109.)  On November 26, 2012, Defendants filed an opposition to Plaintiff's motion for the attendance of incarcerated witnesses.  (ECF No. 111.) Plaintiff filed a reply on December 13, 2012.  (ECF No. 119.)

///

## II. Legal Standard

In determining whether to grant Plaintiff's motion for the attendance of inmates factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.[1] Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

## III. Motion for the Attendance of Inmate Witnesses Who Do Not Agree to Testify Voluntarily

Plaintiff requests the attendance of inmates Manuel Perez, CDC No. J45724, Artemio Gomez, CDC No. T48443, and Arthur Guzman, CDC No. C41587, who he has not communicated with. Plaintiff filed a complaint with prison officials on August 14, 2007, accusing Defendant Martin of willfully and deliberately communicating and fabricating stories and confidential information to the general population to have Plaintiff killed or mortally wounded. Plaintiff was assaulted on September 15, 2007. (Motion to Dismiss 9, ECF No. 76-2.)

Plaintiff claims that these three witnesses were identified in the Appeal Inquiry Report dated February 17, 2009, as having directly participated in the assault on Plaintiff or as having provided information that led to the assault on Plaintiff. (Motion for the Attendance of Incarcerated Witnesses Not Willing to Testify Voluntarily 2,[2] ECF No. 107.) Defendants oppose the motion on the grounds that the inmates are all current or former gang members and will either be in danger themselves or be a danger to others if they are transported for trial. (Defendants' Opposition to Plaintiff's

---

[1] The Court has no information on the release dates of any of the prospective witnesses and this factor shall not be discussed.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Witnesses 1-3, ECF No. 111.)

In his reply to Defendants' opposition, Plaintiff requests that the Court take judicial notice that Defendants have asserted that Plaintiff was not in danger upon being released to the yard, however now are asserting that the witness are dangerous and pose a risk if transported to court. (Plaintiff's Response to Defendants' Opposition of Incarcerated Witnesses 1-2, ECF No. 119.) "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff's request that the Court take judicial notice is not a fact of which the accuracy cannot reasonably be questioned and is denied.

Since the issue here is whether Defendants were aware that Plaintiff was in danger of being assaulted and failed to act, only witness testimony regarding information provided to prison officials prior to the attack or that support Plaintiff's theory that Defendant Martin informed gang members that Plaintiff was a snitch would be relevant to support Plaintiff's claims.

### A. Inmate Manuel Perez

Inmate Manuel Perez is housed at California State Prison, Los Angles County in Lancaster. Ordering his presence at trial will require him to be moved to a facility closer to the courthouse. Based upon the information gleaned from the Appeal Inquiry Report, Inmate Perez was an active gang member and had overall authority of the Mexican Mafia ("EME") on Facility B around the time of the incident at issue here. Defendants contend that Inmate Perez disassociated from the EME within months after this incident and is currently assigned to a Sensitive Needs Yard. Inmate Perez is on an EME list of inmates to kill if the opportunity presents itself. If brought to Court Inmate Perez would have enemies present. (ECF No. 111 at 2.)

Plaintiff contends that Inmate Perez has disassociated himself from the prison gang and, therefore, Defendants predictions of nefarious intent is highly speculative. (ECF No. 119 at 4.) The Court notes that this action is proceeding on Plaintiff's claim that he was stabbed twenty two times after being placed on the EME hit list and the security issues alleged here are not taken lightly by the Court. (Compl. 2, ECF No. 1.) Due to his dropping out of the EME, Inmate Perez has been placed

on an EME hit list, and he will be in danger should he be transported for trial. Transporting Inmate Perez for trial would create greater security concerns both in transporting the inmate and assuring his safety while at the courthouse than the average inmate.

Upon review of the Appeal Inquiry Report, dated February 17, 2009, referenced by Plaintiff to support his motion, Inmate Perez was interviewed on November 27, 2007, and October 27, 2008, after the attack on Plaintiff. During the two interviews, Inmate Perez gave conflicting statements regarding the reason that Plaintiff was attacked. However, Inmate Perez was the person who ordered the attack on Plaintiff based upon a note that he received. His testimony is relevant to the claims at issue here.

Producing this witness at trial would involve the expense of rehousing him closer to the courthouse and the added security of transporting and securing a dropped out gang member on the EME hit list while at the courthouse. Additionally, there is no information that the witness will testify if ordered to be produced at trial. The Federal Rules of Civil Procedure permit testimony in open court from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a); Beltran-Tirado v. Immigration and Naturalization Services, 213 F.3d 1179, 1186 (9th Cir. 2000). Due to the significant expense and security risk of producing Inmate Perez at trial, the Court finds such compelling circumstances in this instance, and good cause exists to allow the testimony of Inmate Perez by video conference. Accordingly, Plaintiff's motion for the attendance of Inmate Manuel Perez to testify at trial shall be granted, and it shall be ordered that Inmate Manuel Perez be made available to testify at trial via video conference.

**B.    Inmate Artemio Gomez**

Defendants oppose the motion to transport Inmate Artemio Gomez on the ground that his testimony would cause him to be targeted by the EME. Additionally, the testimony of Inmate Gomez does not benefit Plaintiff, but tends to exonerate the defendants. (ECF No. 111 at 2.)

Inmate Artemio Gomez is housed at Kern Valley State Prison ("KVSP"). Since Inmate Gomez is housed at KVSP ordering him to be produced at trial would not require that he be transferred closer to the Courthouse. Plaintiff requests that Inmate Gomez be produced at trial,

however a review of the report dated February 17, 2009, shows that Inmate Gomez would only provide testimony adverse to Plaintiff. Since this witness does not provide any testimony helpful to Plaintiff, the Court fails to see the reason that Plaintiff would call him as a witness at trial. Additionally, the witness was interviewed on November 27, 2007, two months after the attack on Plaintiff, and therefore, any information he provided could not have placed prison officials on notice that Plaintiff was in danger prior to the attack on Plaintiff. Finally, Plaintiff has not produced any evidence that this witness would be willing to testify at trial, and if he did testify the inmate would place himself in danger from the EME.

Plaintiff has failed to show that Inmate Artemio Gomez would provide any relevant testimony supporting Plaintiff's claims. The security concerns and cost of transporting Inmate Gomez outweigh any potential benefit to Plaintiff at trial, and Plaintiff's motion for the attendance of Inmate Artemio Gomez is denied.

### C.    Inmate Arthur Guzman

Defendants oppose the motion to produce Inmate Arthur Guzman at trial arguing that he is a well known, high ranking member of the EME. (ECF No. 111 at 1.) He has spent most of the last thirty years in the Security Housing Units at different prisons. (Id. at 1-2.) Inmate Guzman has the power within the EME to have inmates murdered or murder them himself. If transported to Court, it would be for the purpose of taking care of EME business, which could result in the murder of Plaintiff as previously ordered by the EME or the murder of inmate witnesses. (Id. at 2.)

Inmate Arthur Guzman is housed at California State Prison, Corcoran. A review of the Appeal Inquiry Report reveals the only potentially relevant reference to Inmate Guzman is that on April 9, 2008, a list containing 356 names, including Plaintiff and Inmate Perez, was found and identified as an EME hit list that belonged to Inmate Guzman. There is no indication of when Plaintiff's name was placed on the list and this was found approximately a year and a half after Plaintiff was attacked. Although Plaintiff alleges that Inmate Guzman ordered the hit on Plaintiff, the only evidence before the Court is that over a year after Plaintiff was attacked a hit list with Plaintiff's name on it was found and the list was identified as belonging to Inmate Guzman.

Plaintiff's assertion that the hit was ordered by Inmate Guzman is speculative.[3]  (ECF No. 119 at 4.) Plaintiff has failed to provide any information that Inmate Guzman possesses any relevant knowledge regarding the claims at issue in this action.  The Court finds that the cost and security risk of transporting Inmate Guzman is outweighed by any potential benefit to be gained by his presence at trial.  The motion for the attendance of Inmate Arthur Guzman is denied.

## IV.   Motion for Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

### A.   Inmate Jesse Duran

Plaintiff moves for the attendance of inmate Jesse Duran, CDC No. P17745.  Defendants oppose the motion on the ground that Inmate Duran was not housed on the yard where he could have had any contact with Defendant Martin during any time material to these proceedings and does not possess any personal knowledge of the matters about which he claims he will testify.  Further, he appears to be a gang dropout which will create a risk that he could be murdered should he be transported to court.  (ECF No. 111 at 2.)

Inmate Duran is incarcerated at the California Substance Abuse Treatment Facility, Corcoran. Plaintiff provides a declaration signed by Inmate Duran in which Duran states he was a Sureno gang member and was personally involved in communications with Defendant Martin prior to the assault. Inmate Duran states that Defendant Martin told him that Plaintiff was a rat and no good.  (Motion for Attendance of Jesse Duran 3, ECF No. 108.)  While Defendants claim that Inmate Duran was not housed where he had any contact with Defendant Martin and cannot possess this knowledge, this involves the credibility of the witness and Defendants will have an opportunity to impeach such testimony at trial.  Defendants' speculation that Inmate Duran may be a gang dropout and at risk is not sufficient to show that transporting him for trial would involve a greater security risk than any other inmate.  Based upon the proffered testimony, the Court finds that the testimony of Inmate Duran will substantially benefit the resolution of this action.  Plaintiff's motion for the attendance of Inmate Duran is granted.

---

[3] In his reply, Plaintiff requests that the Court appoint an expert in gangs to testify at the trial of this matter. (ECF No. 119 at 4-5.)  Plaintiff may not bring a motion in his reply to Defendants' opposition and the motion shall be disregarded.

6

### B. Inmate Jose Perez

Plaintiff moves for the attendance of Inmate Jose Perez, CDC No. T53480. Defendants oppose the motion on the ground that Inmate Perez is a gang dropout and is currently housed on the Sensitive Needs Yard. Defendants argue that an inmate cannot just dropout of a prison gang and Inmate Perez could be murdered if he were brought to trial (ECF No. 111 at 2.)

Inmate Jose Perez is also incarcerated at the California Substance Abuse Treatment Facility, Corcoran, so producing him for trial would not require him being moved to a facility closer to the courthouse. Plaintiff provides a declaration from Inmate Perez in which Perez states that he was a Sureno gang member and the information that Plaintiff was no good and a rat had been discussed amongst the Sureno gang members on Facility B and that the assault was carried out by Sureno gang members. Although Inmate Perez states that he will testify that the information originated from Defendant Martin, he does not set forth any facts to show that he has any personal knowledge that the information originated from Defendant Martin. (Motion for the Attendance of Jose Perez 3, ECF No. 109.)

Since Inmate Perez is a former gang member and is being housed on the Sensitive Needs Yard requiring his presence at trial would create a greater security risk than the average inmate. Since the parties do not dispute that Plaintiff was attacked by Sureno gang members the testimony of this witness has limited relevance. Further, the testimony regarding discussions among Sureno gang members is arguably hearsay, and Plaintiff has failed to show that it would be admissible under any exception to the hearsay rule. Additionally, the testimony is duplicative of that being offered by Inmate Duran. The limited value of Inmate Perez' duplicative testimony is outweighed by the security risks of having him transported for trial. Plaintiff's motion for the attendance of Inmate Perez is denied.

### V. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witness, Inmate Jesse Duran, CDC No. P17745, is GRANTED;

2. Plaintiff's motion for the attendance of incarcerated witness, Inmate Jose Perez, CDC

No. T54380, is DENIED;

3. Plaintiff's motion for the attendance of incarcerated witnesses who refuse to testify voluntarily is GRANTED IN PART AND DENIED IN PART as follows:

    a. Plaintiff's motion for the attendance of Inmate Manuel Perez, CDC No. J45724, is GRANTED and Inmate Manuel Perez shall appear at trial by video conference pursuant to Fed. R. Civ. P. 43(a);

    b. Plaintiff's motion for the attendance of Inmate Artemio Gomez, CDC No. T48443, is DENIED; and

    c. Plaintiff's motion for the attendance of Inmate Arthur Guzman, CDC No. C41587, is DENIED; and

4. Counsel for Defendants is required to arrange for the video testimony of Inmate Manuel Perez at the date and time to be decided by the Court by coordinating with the prison at which the inmate is housed and the Clerk's Office Information Technology staff.

IT IS SO ORDERED.

Dated: **December 14, 2012**     /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE