**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA, | CASE NO. 1:09-cv-01352-BAM |
| Plaintiff, | ORDER ADDRESSING OBJECTIONS TO PRETRIAL ORDER |
| v. | (ECF No. 127) |
| CHRIS CHRONES, et al., | ORDER GRANTING DEFENDANT'S REQUEST TO MODIFY PRETRIAL ORDER |
| Defendants. | (ECF No. 130) |

This action, brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff Keith Zavala's rights under the United States Constitution, is proceeding against Defendants Chris Chrones, D. Smith, S. Kays, S. Chandler, J. Soto and C. Martin for failure to protect in violation of the Eighth Amendment. On January 9, 2013, the Court issued a pretrial order. Thereafter, on January 11, 2013, Defendants filed objections to the pretrial order and, on January 17, 2013, Defendants filed a request to modify the pretrial order. (ECF Nos. 128 and 130.)

**I.  Objections to Pretrial Order**

On January 11, 2013, Defendants filed objections to the pretrial order. In the objections, Defendants request that the Court amend statements in the "Undisputed Facts" section of the pretrial order and the Court add a defense exhibit.

A.  "Undisputed Facts"

Defendants first seek revision of the statement: "Following the ICC, Zavala was released to the general population." (ECF No. 127 at 2:13.) Defendants indicate their position that Plaintiff was

1

not released to the general population in Facility B.  Instead, during the ICC hearing, Zavala denied being associated with the Southern Mexicans and further denied that he was in bad standing with the Southern Mexicans.  Based on his claims, Zavala was released to the general population on walk-alone status with a note that he could be sent to a Security Housing Unit depending on the outcome of further disciplinary proceedings.  Later that day, Zavala met with IGI Chavez and continued to deny that he had any safety concerns and that he was a Southern Mexican.  Zavala was told to immediately report any safety concerns and he signed a document denying any safety concerns. (ECF No. 110 at 2:18-26.) In considering Defendants' objection, the Court notes Plaintiff's position is that the "ICC elected to release [him] from ASU to Facility B." (ECF No. 106 at 8.)  Given the apparent dispute, the pretrial order will be modified to indicate that Plaintiff was released to the general population.

Second, Defendants seek revision of the statement: "After 30 days, Zavala was assigned greater privileges." (ECF No. 127 at 2:16.) Defendants' position is that "After 30 days, Zavala was released to the yard." (ECF No. 110 at 3:1.) This position is consistent with Plaintiff's statement that he was assessed "a loss of recreation yard for thirty days beginning on 06/22/07 ending on 07/22/07. . . ." (ECF No. 106 at 9.) Accordingly, the pretrial order will be modified to indicate that Plaintiff was released to the yard.

Third, and finally, Defendants seek the addition of an exhibit to the pretrial order.  The exhibit is identified as "Investigative Report dated February 17, 2009" and was included in Defendants' pretrial statement. (ECF No. 110 at 8:15.) This exhibit was omitted inadvertently from the pretrial order.  The pretrial order will be corrected to reflect this exhibit.

## II. Request to Modify Pretrial Order

On January 17, 2013, Defendants filed a request to supplement the pretrial order to include an additional exhibit. The proposed exhibit consists of the housing bed/cell movement history for inmate Jesse Duran, P17745, at Kern Valley State Prison for the period of July 15, 2007, through January 1, 2008.

Defendants seek addition of the exhibit as potential impeachment evidence.  To that end, Defendants explain that, on December 17, 2012, the Court issued its order allowing Inmate Duran

to testify at trial. Based on Inmate Duran's submitted declaration, Defendants expect him to testify that (1) he personally had conversations with Defendant Martin about Plaintiff prior to the assault on Plaintiff; and (2) on or about and prior to September 15, 2007, on Facility B at Kern Valley State Prison, Defendant Martin told him that Plaintiff was a "rat" and "no good." (ECF No. 108.)

Defendants assert that the proposed exhibit indicates that Inmate Duran was housed in ASU1, Administrative Segregation Unit, only from December 7, 2007 through January 25, 2008. As Defendant Martin was assigned to ASU from 2007 through 2008, Defendants contend that his only contact with Inmate Duran would have occurred between December 7, 2007, through January 25, 2008, which will impeach Inmate Duran's expected testimony that he was in contact with Defendant Martin on or around and prior to the September 15, 2007 attack on Plaintiff. Declaration of Preeti K. Bajwa ("Bajwa Dec.") ¶¶ 5, 7-10.

Defendants contend that there is no risk of prejudice or surprise to Plaintiff because they have already asserted their position regarding Inmate Duran's housing assignment in opposition to Plaintiff's motion for the attendance of incarcerated witnesses. Bajwa Dec. ¶¶ 6, 11; ECF No. 111. Defendants further contend that they could not have anticipated including this exhibit at the time of filing their pretrial statement on November 26, 2012, because the Court did not issue its order allowing Inmate Duran to testify until December 17, 2012. Bajwa Dec. ¶ 12.

The Court finds that the pretrial order should be modified to prevent "manifest injustice" to Defendant Martin. Fed. R. Civ. P. 16(e); Local Rule 281(b)(11). Therefore, Defendants' request to modify the pretrial order is GRANTED and an amended pretrial order shall be issued.

IT IS SO ORDERED.

Dated:   **February 4, 2013**           /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE