# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA,<br><br>                Plaintiff,<br><br>   v.<br><br>CHRIS CHRONES, et al.,<br><br>                Defendants. | CASE NO. 1:09-cv-01352-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TRIAL DATE AND PRETRIAL ORDER<br>(ECF No. 147)<br><br>ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE<br>(ECF No. 135)<br><br>ORDER REGARDING DEFENDANTS' MOTION IN LIMINE<br>(ECF No. 132) |

Plaintiff Keith Zavala is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Chris Chrones, D. Smith, S. Kays, S. Chandler, J. Soto and C. Martin for failure to protect in violation of the Eighth Amendment. The parties have consented to Magistrate Judge jurisdiction. A jury trial is set for February 12, 2013.

On February 5, 2013, Plaintiff's motion for extension of the trial date and pretrial order, along with Plaintiff's motion in limine and Defendants' motion in limine were heard before the Honorable Barbara A McAuliffe, United States Magistrate Judge. Plaintiff appeared telephonically on his own behalf. Counsel Michael G. Lee and Preeti K. Bajwa appeared telephonically on behalf of Defendants Chris Chrones, D. Smith, S. Kays, S. Chandler, J. Soto and C. Martin.

///

1

**A.     Plaintiff's Motion for Extension of Trial Date and Pretrial Order**

On January 28, 2013, Plaintiff filed a motion for extension of the trial date and the dates set forth in the pretrial order. (ECF No. 147.) Plaintiff requested a continuation of the trial because he anticipates legal representation by James M. Hodges, an attorney. Defendants opposed the motion on January 30, 2013, claiming that continuation of the trial would be highly prejudicial to the Defendants and to the Court. Defendants also noted that Mr. Hodges has not entered a Notice of Appearance as attorney of record in this matter pursuant to the Local Rules.

As discussed more fully at the hearing, the Court finds that continuation of the trial will be highly prejudicial to Defendants, who are prepared to proceed to trial on the scheduled date. Moreover, there is no assurance that Mr. Hodges will agree to represent Plaintiff and make an appearance in this matter. Accordingly, Plaintiff's motion for an extension of the trial date and the pretrial order is DENIED.

**B.     Motions in Limine**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

///

///

**1.     Plaintiff's Motion in Limine**  (ECF No. 135)

By this motion, Plaintiff moves to exclude certain exhibits and witnesses.

    **a.     CDC 128-B/Informational Chrono by IGI Correctional Lieutenant J.R. Garza dated 6/19/07** - Defendants' Exhibit ("DX") 206

According to this chrono, Institutional Gang Investigators ("IGI") received information on June 15, 2007 that Plaintiff was considered to be in "bad standing" with the Sureno gang faction, but that information did not indicate what action might be taken against him. Plaintiff was interviewed on June 19, 2007, and informed of the information. Plaintiff denied having any safety concern issues and requested that he be allowed to release to the general population. Plaintiff signed the chrono.

Plaintiff objects to the introduction of the chrono because it "does not directly exhonerate [sic] the defendants." Plaintiff believes that this report would force him to pursue a line of evidence and testimony as to the effects of psychotropic medications that influenced his ability to understand issues that the IGI overlooked. Plaintiff also believes (1) the chrono contradicts itself because it does not identify the exact nature of the threat; (2) the chrono does not identify what options were proffered to Plaintiff or if Lt. Garza could override the ICC's order; and (3) there is no indication that defendants were aware of the interview or the chrono.

In opposition, Defendants contend that the chrono is relevant and has high probative value. Defendants believe that what Plaintiff admitted to Captain J. Garza (formerly an IGI Correctional Lieutenant) as documented in the chrono is important for the jury to hear to determine whether defendants were deliberately indifferent. Defendants are claiming that they did not fail to protect Plaintiff by releasing him to the general population yard on June 19, 2007, because Plaintiff himself sought release to the general population and asserted that he was in no danger of being assaulted.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In this case, the chrono is relevant to the primary issue of whether Defendants were deliberately indifferent to a serious risk of harm to Plaintiff in light of Plaintiff's own statements. Additionally, Plaintiff signed the document, making it a party admission under Fed. R. Evid. 801(2). Accordingly, Plaintiff's motion in limine to exclude DX 206 is DENIED.

      **b.**      **Crime Incident Report/CDC 837-A1 - Log # KVSP-FBY-07-09-0463** (DX 205)

Plaintiff opposes introduction of that portion of the report identifying him as "mexican/hispanic/southern/gang member or associate." Page 5 of DX 205 identifies Plaintiff's ethnicity as "OTH" and indicates he is "ASSOCIATED" with the "SOUTHERN MEXICAN" prison gang/disruptive group.

In seeking exclusion of this information, Plaintiff claims that he has never been validated as a member or an associate of any gang or disruptive group and such evidence would mislead the jury and unfairly prejudice him. Fed. R. Evid. 403. Plaintiff requests that the Court review a CDC 812 (attached to his motion) and take judicial notice that as late as 2011 he was not identified as a gang member or associate or a participant of a disruptive group. He also attaches a CDC 128G Classification Chrono dated March 24, 2006, indicating that he had no gang or disruptive group affiliation.

Defendants counter that documentation of Plaintiff's gang membership and activity is relevant for the jury's decision-making process. Defendants explain that investigations both before and after the assault on Plaintiff conclude that he was associating and identifying with the Mexican Mafia prison gang and the Southern Mexican gang. Defendants maintain that Plaintiff was assaulted because of his dealings in the gang and not by any failure to protect.

Plaintiff's motion in limine is DENIED. The gang affiliation portion of DX 205 is relevant as to why Plaintiff may have been assaulted. Fed. R. Evid. 401. Contrary to Plaintiff's assertions, the probative value is not substantially outweighed by the danger of unfair prejudice or of misleading the jury because Plaintiff will have an opportunity to present evidence that he is a non gang-affiliated inmate.

To the extent Plaintiff requests judicial notice of CDC 812, his request is DENIED. As discussed at the hearing, the Court may judicially notice a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The "fact" of Plaintiff's lack of gang affiliation in CDC 812 is

subject to reasonable dispute and will not be judicially noticed.

### c.     Witness Sgt. R. Crum

Plaintiff seeks to exclude Sgt. Crum from testifying at trial because he has no association to this matter and he has not generated any documentation regarding this matter. Defendants explain that Sgt. R. Crum is expected to testify as an expert pursuant to Federal Rule of Evidence 702 and present an opinion as to why Plaintiff was assaulted. Based on Defendants' representation that Sgt. Crum will testify as an expert, Plaintiff's motion to exclude Sgt. Crum is DENIED WITHOUT PREJUDICE. As appropriate, Plaintiff may renew his motion at trial.

### d.     Witness Sgt. J. Juarez

Plaintiff seeks to exclude Sgt. J. Juarez from testifying because he does not have first hand knowledge of any relevant material facts. At the hearing, Defendants represented that Sgt. Juarez has first hand knowledge and also may testify as an expert. Given these representations, the Court cannot exclude Sgt. Juarez at this time and Plaintiff's motion in limine to exclude him is DENIED.

### e.     Witnesses Lt. J. Castro and Lt. J. Ostrander

Plaintiff contends that the testimony of these witnesses should be limited to their interviews with inmate M. Perez, Sgt. Crum and Defendant Martin, which is in the body of DX 207, the February 17, 2009 Appeal Inquiry. Defendants counter that Lts. J. Castro and J. Ostrander are expected to testify as expert witnesses pursuant to Rule 702. As these witnesses are anticipated experts, the Court will not exclude them at this time. Plaintiff's motion in limine is DENIED WITHOUT PREJUDICE.

### f.     Appeal Inquiry dated February 17, 2009 (DX 207)

Plaintiff seeks to limit the use of DX 207 to the statements of witnesses that were interviewed. Plaintiff opposes any conclusions formed by Lt. Castro and Lt. Ostrander. Defendants contend that this document falls within the business records exception to the rule against hearsay. Fed. R. Evid. 803(6).

Following extensive discussion at the hearing, Plaintiff's motion is DENIED IN PART AND GRANTED IN PART. Defendants are precluded from introducing the conclusions formed by Lt. Castro and Lt. Ostrander, beginning on page 9 and continuing through page 12 of DX 207. Subject

to the appropriate foundation and hearsay exception, the remainder of DX 207 may be allowed.

### 2. Defendants' Motion in Limine (ECF No. 132)

Defendants seek to exclude certain of Plaintiff's exhibits and witnesses. Plaintiff did not file any opposition to Defendants' motion in limine and did not submit his trial exhibits.[1]

#### a. Diagrams of Buildings ASU B1, ASU South and ASU North

Defendants report that Plaintiff has not provided any diagrams in discovery and they are unaware of what these diagrams consist of or purport to describe. As Plaintiff did not produce these diagrams in discovery, Defendants' motion in limine precluding their introduction is GRANTED.

#### b. Classification Chronos

Defendants seek to exclude the following Classification Chronos as irrelevant:

1. CDC-128G Classification Chrono dated March 24, 2006
2. CDC-128G Classification Chrono dated August 31, 2011
3. CDC-128G Classification Chrono dated August 6, 2009
4. CDC-128G Classification Chrono dated January 1, 2009
5. CDC-128G Classification Chrono dated December 27, 2007
6. CDC-128G Classification Chrono marked DEF-RFP 54
7. CDC-128G Classification Chrono dated September 25, 2007
8. CDC-128G Classification Chrono dated April 17, 2007
9. CDC-128G Classification Chrono dated January 8, 2007

Defendants contend that these documents do not prove or disprove any fact that is of consequence to this action because they do not address whether Defendants were deliberately indifferent to Plaintiff's safety on June 19, 2007. They also argue that the March, April and January 2007 documents pre-date the incident and the 2009 and 2011 documents were generated two to three years after the 2007 incident.

The Court located copies of the following identified chronos:

<u>CDC-128G Classification Chrono dated March 24, 2006</u>

The March 24, 2006 chrono indicates that Plaintiff is not identified as a member of gang/disruptive group. This document appears relevant to Defendants' assertions that Plaintiff's gang affiliation caused the assault. Fed. R. Evid. 401. Defendants' motion in limine as to this chrono is DENIED.

---

[1] All trial exhibits were to be submitted to the Courtroom Deputy no later than January 25, 2013. (ECF No. 127.) At the hearing, Plaintiff confirmed that he had not yet submitted his trial exhibits.

1   CDC-128G Classification Chrono dated September 25, 2007

2   The September 25, 2007 chrono relates to Plaintiff's placement in administrative segregation
3   after the assault because his return to general population housing was deemed to pose a threat to the
4   safety and security of the institution. Plaintiff also was to be transferred to a new institution. This
5   chrono is not relevant to Plaintiff's claims related to his safety in the general population <u>before</u> the
6   assault and may confuse the issues or mislead the jury. Fed. R. Evid. 403. Defendants' motion in
7   limine as to this chrono is GRANTED.

8   CDC-128G Classification Chrono dated January 1, 2009

9   The January 1, 2009 chrono appears to be a chrono dated January **7**, 2009. The January 7,
10  2009 chrono relates to ICC review of Plaintiff's SHU status following possession of a controlled
11  substance. This chrono is not relevant to any of Plaintiff's claims regarding deliberate indifference
12  in this action. Fed. R. Evid. 401. Defendants' motion in limine as to this chrono is GRANTED.

13  As to the remaining chronos, the Court tentatively notified Plaintiff that his post-incident
14  chronos may not be relevant to his claims in this action. However, the Court reserves its ruling as
15  to the remaining chronos until trial.

16  **c.   Administrative Segregation Logs**

17  The Court is unable to identify the referenced logs. At the hearing, Plaintiff indicated that
18  much of the logs are indecipherable. Plaintiff has been advised that he will not be allowed to present
19  indecipherable documents to the jury.

20  **d.   Inmate Appeals/Grievances**

21  Defendants seek to exclude the following inmate grievances: (1) CDC-602 Inmate
22  Appeal/Grievance/Citizens Complaint against Correctional Officer A. Martin dated 11/12/07; (2)
23  CDC-602 Inmate Appeal/Grievance/Citizens Complaint against Correctional Officers True and
24  Figueroa dated 9/11/07; and (3) CDC-602 Inmate Appeal/Grievance/Citizens Complaint against ICC
25  members dated 5/11/09. Defendants claim that these exhibits are both irrelevant and hearsay
26  evidence.

27  Grievance Against Defendant Martin

28  According to Defendants, the grievance against Defendant Martin (1) is irrelevant because

7

it does not address the question of alleged deliberate indifference and (2) is hearsay because it is based on statements that Plaintiff overhead from other inmates who are not scheduled to appear at trial.

As a practical matter, the administrative grievance process after the assault and prior to the instant action is irrelevant to the underlying question of whether Defendants were deliberately indifferent to Plaintiff's safety. Fed. R. Evid. 401. Defendants motion in limine to preclude this grievance is GRANTED. Plaintiff may testify directly about the events at issue in this action.

<u>Grievance Against Defendants True and Figueroa</u>

The grievance against Officers True and Figueroa relates to an alleged search conducted on September 4, 2007. Although Defendants contend this grievance is irrelevant to the underlying action because it does relate to Defendants, Plaintiff argues that he used this grievance to notify prison staff of a threat to his safety. As this time, the Court DEFERS ruling on this grievance until trial.

<u>Grievance Against ICC Members</u>

The grievance against ICC members dated May 2009 relates to the events of June 19, 2007 underlying this action. As with Plaintiff's grievance against Defendant Martin, the administrative grievances are irrelevant to the question of deliberate indifference. Fed. R. Evid. 401. Defendants' motion in limine to preclude this grievance is GRANTED. To the extent the grievance lists Plaintiff's contentions or beliefs, he may testify to those contentions or beliefs directly at trial.

    **e.**  **Letters to the Grand Jury**

Defendants seek to exclude letters from the Grand Jury dated 8/21/07, 6/13/08 and 7/17/08. Defendants explain that Plaintiff wrote to the Grand Jury seeking the filing of criminal charges against Defendant Martin. No criminal charges were ever brought against Defendant Martin. As such, Defendants argue that the letters are irrelevant to this action involving deliberate indifference. Defendants also argue that the introduction of these documents would result in undue delay and a waste of time. The Court agrees.

Rule 403 provides that evidence may be excluded if its probative value is substantially outweighed by undue delay or waste of time. Fed. R. Evid. 403. Although the Court does not appear

to have copies of these letters, evidence demonstrating that Plaintiff contacted the Grand Jury about a criminal action and that the Grand Jury responded is irrelevant to whether Defendants were deliberately indifferent. Accordingly, the probative value is substantially outweighed by the potential for wasting time or unduly delaying proceedings. The information also is likely to mislead or to confuse the jury. Accordingly, Defendants' motion in limine regarding the Grand Jury letters is GRANTED.

### f.     Plaintiff's Medical Reports

Defendants seek to exclude the following:

1.  Reports from a radiology clinic dated 6/1/09
2.  CDC-7243 Physician Request for services dated 04/03/08 and 06/06/08
3.  Mental Health Progress Notes by S. Thomas-Chandler dated 04/23/07 and 05/07/07
4.  Mental Health Progress Notes by R. Townley for April-May 2007-June 17, 2007.
5.  CD-MH 7387 Discharge Summary dated 4/30/07
6.  Psychiatrist Progress Notes 06/04/07
7.  Mental Health Progress Notes dated 2/23/06
8.  Mental Health Progress Notes dated 01/11/07 and 02/02/07

Defendants claim that none of these records are relevant to Plaintiff's claims of deliberate indifference.

<u>Reports from a radiology clinic dated 6/1/09</u>

The Court does not appear to have a copy of these reports. However, as discussed at the hearing, Plaintiff had not secured the attendance of a medical expert to testify regarding medical reports. Therefore, Defendants' motion to preclude these reports is GRANTED. However, Plaintiff may testify directly as to his alleged injuries.

<u>CDC-7243 Physician Request for services dated 04/03/08 and 06/06/08</u>

These request forms may be relevant to Plaintiff's physical injuries and damages following the assault. As Plaintiff cannot provide authentication or foundation for these documents absent a medical expert, Defendants' motion in limine is GRANTED. Again, Plaintiff may testify directly to his symptoms and alleged injuries.

<u>Mental Health Progress Notes by S. Thomas-Chandler dated 04/23/07 and 05/07/07</u> and <u>Mental Health Progress Notes by R. Townley for April-May 2007-June 17, 2007</u>

Contrary to Defendants' claims, the progress notes by S. Thomas-Chandler and R. Townley

9

1  may be relevant to Plaintiff's assertions regarding (a) his mental status prior to signing the chrono
2  requesting return to the general population and (b) his assessment of the threat to his safety. Fed.
3  R. Evid. 401. S. Thomas-Chandler is a defendant and R. Townley is identified as one of Plaintiff's
4  witnesses. R. Townley has not been subpoenaed and no witness fees have been submitted for this
5  witness. As discussed at the hearing, the Court DEFERS ruling on these mental health progress
6  notes until trial.

7  <u>CD-MH 7387 Discharge Summary dated 4/30/07</u>

8  This summary was prepared by Dr. D. Trinh, a psychiatrist. As the document is not
9  admissible absent testimony from a medical expert and Plaintiff has not secured the attendance of
10 such an expert, Defendants' motion in limine is GRANTED.

11 <u>Psychiatrist Progress Notes 06/04/07</u>

12 This is a progress report from Dr. Mazur. As the document is not admissible absent
13 testimony from a medical expert and Plaintiff has not secured the attendance of such an expert,
14 Defendants' motion in limine is GRANTED.

15 <u>Mental Health Progress Notes dated 2/23/06</u> and <u>Mental Health Progress Notes dated</u>
16 <u>01/11/07 and 02/02/07</u>

17 As these documents are not admissible absent testimony from a medical expert and Plaintiff
18 has not secured the attendance of such an expert, Defendants' motion in limine is GRANTED.

19       **g.**    **Warden Harrington's Letter Dated 01/05/09**

20 The letter from Warden Harrington is a response to concerns expressed by Plaintiff's family
21 regarding Plaintiff's safety while testifying against his assailants several years after the events
22 alleged in the complaint. Based on the date of issuance and the subject matter, this letter is not
23 relevant to the underlying claims of deliberate indifference by Defendants and the information is
24 likely to confuse the jury. Fed. R. Evid. 401 and 403. Defendants' motion in limine to preclude this
25 letter is GRANTED.

26       **h.**    **837-Crime Incident Report** (DX 205)

27 Defendants seek admission of DX 205. As discussed above, the Court has denied Plaintiff's
28 motion in limine to exclude this exhibit.

I.      **CDC-128B RVR Chrono**

Defendants claim that Plaintiff intends to introduce CD-128B RVR Chrono regarding the Loss of Yard for PCSD on Plaintiff. Defendants report that this document is not adequately identified and has not been provided to Defendants for review. Defendants therefore request that it be excluded from evidence. The Court DEFERS ruling on this exhibit until trial.

j.      **Appeal of CDC-115 RVR/Incident Packet for Possession of Controlled Substances for Distribution**

Defendants claim that Plaintiff intends to offer CDC 115 RVR Log #FB-07-01-054. Defendants agree that information in the report is relevant. Indeed, Defendants have submitted this report as their exhibit, DX 200, and the parties have stipulated to its admission. (ECF No. 131.) Rather, Defendants seek to exclude Plaintiff's Appeal of the Subsequent Guilty Finding. Defendants explain that Plaintiff has not presented evidence documenting reversal of the guilty finding. Defendants therefore believe that admission of the appeal would only serve to confuse the issue for the jury.

As discussed at the hearing and for the reasons stated, Defendants' motion in limine as to Plaintiff's Appeal is GRANTED. However, as appropriate and necessary, Plaintiff may renew his objections at trial.

k.      **Witnesses Michele Garcia Jurado, Dr. P. Mazur, Dr. C. Schroeder, A. Pothier, Dr. Leanne Bucker and R. Townley**

Defendants seek to exclude Plaintiff's witnesses, Michele Garcia Jurado, Dr. P. Mazur, Dr. C. Schroeder, A. Pothier, Dr. Leanne Bucker and R. Townley, as lacking relevant information. Fed. R. Evid. 602 provides that a witness may testify to a matter "only if evidence is introduced sufficient to support a finding the witness has personal knowledge of the matter." These witnesses were not involved in the events at issue. Plaintiff has not provided Defendants with any indication that these witnesses have any information regarding whether Defendants were deliberately indifferent.

As a practical matter, the Court informed Plaintiff that in order to obtain the attendance of Dr. P. Mazur, Dr. C. Schroeder, A. Pothier, Dr. Leanne Bucker and R. Townley, he must submit evidence to the Court that he has paid the reasonable witness fees required by each to testify as an

expert. (ECF No. 105.) Plaintiff did not submit the required *expert* witness fees.[2] Accordingly, Defendants' motion in limine as to these witnesses is DENIED AS MOOT.

However, as discussed at the hearing, Defendants' motion in limine as to Ms. Jurado is DENIED.

### l.     **Plaintiff's Medical Treaters**

Defendants object to any of Plaintiff's medical treaters testifying at trial. Defendants argue that such testimony is irrelevant to the question of Defendants' alleged deliberate indifference. Fed. R. Evid. 401. Defendants also argue that the testimony of Plaintiff's medical treaters is limited to opinions formed during the course of treatment because they have not submitted expert reports. Goodman v. Staples, 644 F.3d 817, 826 (9th Cir. 2011).

As discussed at the hearing, Plaintiff has not secured the attendance of his medical treaters. Accordingly, Defendants' motion to preclude these witnesses is DENIED AS MOOT. If these witnesses appear voluntarily, Defendants may renew their objections at trial.

IT IS SO ORDERED.

Dated:   **February 5, 2013**              /s/ **Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff submitted money orders for Drs. Mazur and Bucker, but the Court returned them because they were not "expert witness fees." (ECF No. 113.)