# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZAVALA,<br><br>              Plaintiff,<br><br>    v.<br><br>CHRIS CHRONES, et al.,<br><br>              Defendants. | CASE NO. 1:09-cv-01352-BAM PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY JAMES M. HODGES SHOULD NOT BE HELD IN CONTEMPT<br>(ECF No. 170) |

      Plaintiff Keith Zavala ("Plaintiff"), a state prisoner originally proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 8, 2009. On February 7, 2013, five days before the scheduled trial date in this matter, attorney James M. Hodges filed a notice of appearance and asked the Court to issue an order allowing him to appear in this matter. Mr. Hodges also requested a continuation of the February 12, 2013 trial, reporting that he was not available from February 11 through February 13, 2013.

      On February 8, 2013, the Court issued a written order finding that Mr. Hodges' request to appear was unnecessary as Mr. Hodges had entered his appearance on the record by filing his notice. The Court therefore denied his request as moot. The Court also denied the request to continue the trial because Mr. Hodges had failed to address the Court's previous determination that continuation of the trial would be highly prejudicial to Defendants.

      Trial in this matter commenced on February 12, 2013, and continued daily through February 15, 2013. Mr. Hodges failed to make any appearance on behalf of Plaintiff at the trial.

1  He also failed to make any effort to contact the Court regarding his failure to appear.

2  Following conclusion of the trial, the Court ordered Mr. Hodges to personally appear on
3  March 8, 2013, and show cause why he should not be held in contempt and why sanctions should
4  not be imposed for: (1) his failure to appear at trial in compliance with this Court's scheduling
5  and pretrial orders (Fed. R. Civ. P. 16(f); Local Rule 110); and (2) for filing his notice of
6  appearance and request to continue trial in an effort to delay proceedings unnecessarily (Fed. R.
7  Civ. P. 11; Local Rule 110). (ECF No. 170.)

8  On March 5, 2013, Mr. Hodges filed a response to the order to show cause. In his
9  response, Mr. Hodges declares that he met with Plaintiff's family in January 2013 and learned of
10 the February 12, 2013 trial date. (ECF No. 180; Declaration of James M. Hodges ¶ 5.) He
11 informed them that Plaintiff should immediately ask the Court for a continuance. (Id. ¶ 5.)
12 Subsequently, on February 6, 2013, Mr. Hodges filed his notice of appearance and notified the
13 Court that he would not be available for the trial due to a conflict. (Id. ¶ 6.) He declares that he
14 was unavailable on February 11, 2013, because he was scheduled to leave the San Diego airport
15 for a flight to Oklahoma City on another matter. (Id. ¶ 8.) On February 11, 2013, he was
16 informed by his office that the Court had denied both his request to appear and his request to
17 continue the trial. (Id. ¶ 9.) It was not until Mr. Hodges returned to his office on Thursday,
18 February 14, 2013, that he read the Court's order, which denied his request to appear as moot.
19 Id. When he reviewed the Court's docket, he learned that the trial had concluded and that the
20 jury was deliberating.[1] Id.

21 It is not entirely clear from the declaration why Mr. Hodges failed to file his notice of
22 appearance earlier in this matter, why he failed to personally read the Court's February 8, 2013
23 order on the date it was issued, why he failed to inquire as to the contents of the Court's order
24 prior to February 11, 2013, or why he failed to contact the Court after he read the Court's order

---

[1] The February 14, 2013 trial minutes reflecting that the parties made closing statements and that the jury was out for deliberations were not entered into the Court's docket until Friday, February 15, 2013. (ECF No. 166.) Thus, Mr. Hodges could not have learned of jury deliberations when he returned to the office on February 14, 2013. There is no explanation for Mr. Hodges' failure to review the docket in a timely manner.

on February 14, 2013. Despite these issues, the Court finds it appropriate to discharge the order to show cause because Mr. Hodges declares under penalty of perjury that he believed the Court had denied his request to appear.

Accordingly, it is HEREBY ORDERED as follows:

1. The order to show cause issued on February 19, 2013, is HEREBY DISCHARGED; and

2. Attorney James M. Hodges is not required to personally appear before the Court on March 8, 2013.

IT IS SO ORDERED.

**Dated:** **March 6, 2013**                            **/s/ Barbara A. McAuliffe**
                                                             UNITED STATES MAGISTRATE JUDGE